HOLLAND v. STATE.

Opinion delivered December 24, 1904.

73  425
76  301

CARRYING WEAPON AFTER RETURN FROM JOURNEY.—One who has been on a journey can not, after return to his accustomed haunts, continue to carry a pistol, and still claim the benefit of the exception in the statute.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellant was tried and convicted before a justice of the peace upon an information filed against him by the prosecuting attorney, charging him with the offense of carrying a pistol. On

appeal to the circuit court he was again convicted, and filed his motion for new trial, which was overruled, and he has appealed to this court.

The information was filed on the 16th day of August, 1904, and charged the offense to have been committed on the 1st day of October, 1903.

The State introduced and relied upon one witness, the brother-in-law of defendant, who testified that defendant came to his (witness') house in Jefferson County one night "in the first part of the fall" of 1903, and had a pistol with him which he took from his bosom or pocket, and showed to witness. He further stated that at that time the defendant lived on the adjoining plantation. On cross-examination, he repeated that it was during the first part of the fall, but admitted that it might have been during the latter part of the summer.

Appellant testified that the date on which he carried a pistol was on the first Sunday in August, 1903, when he carried it from the home of a man named Williams, who lived in the Wabbaseka neighborhood, about twelve or fifteen miles distant, to the home of his brother-in-law, and thence to a church where he performed the service of sexton, and thence to his own home. His testimony contains no denial that he carried a pistol upon any other occasion than that described by him. Williams testified that he let appellant have a pistol on the first Sunday in August, 1903, and that appellant returned it on the following Saturday.

Appellant urged two defenses: The bar of the statute of limitation, and that he carried the pistol while upon a journey.

The court instructed the jury in the language of the statute (Section 1498, Sandels & Hill's Digest), but omitted the two provisos therein, and appellant excepted. Appellant asked five instructions, of which the court gave three, but refused the third and fourth. The third related entirely to the defense that the pistol was carried by the defendant while on a journey; the fourth related to that defense, and also to the statute of limitation, instructing that if the jury believed that the defendant had established either defense he should be acquitted.

The foregoing exceptions were set forth in the motion for new trial, as well as the further ground that the verdict was not supported by sufficient evidence.

*Toney & Kerwin,* for appellants.

*George W. Murphy, Attorney General,* for appellee.

McCULLOCH, J., (after stating the facts.) Though the State relied upon only one witness, as against the testimony of appellant and his witness Williams, as to the time of the commission of the offense, we cannot say that the jury were not warranted in accepting the statement of the one witness on that point, and finding the defendant guilty. Moreover, neither the appellant nor Williams testified that appellant did not also have a pistol at the time named by the other witness, and the jury could have found that he carried a pistol on more than one occasion. Their testimony did not connect the occasion on which they say he carried the pistol with that testified to by the other witness. The jury found that he carried the pistol within one year next before the filing of the information, as related by the State's witness, and we will not disturb the verdict for insufficiency of the evidence.

The court instructed the jury, in the fifth instruction asked by appellant, to the effect that, before they could convict, the State must have shown that the pistol was carried as a weapon within one year before the filing of the information. He was not prejudiced by the refusal of the court to again instruct on that point as asked in the fourth instruction.

Nor was he prejudiced by the court's refusal to instruct as to the defense of carrying a pistol on a journey. There was no testimony tending to establish that defense, and to warrant the instruction. If it be conceded that the distance traveled and other circumstances surrounding it were ordinarily sufficient to warrant the jury in finding that the defendant was on a journey, within the meaning of the exception in the statute, his own testimony shows affirmatively that he was not pursuing a journey when seen with the pistol. He had abandoned the journey, if he had been on one, and stopped at the home of another, and from there went to the church where he performed his customary service as sexton. One who has been on a journey cannot, after return to his accustomed haunts, continue to carry the pistol, and still claim the benefits of the exception in the statute.

The judgment is affirmed.