ACKERSON *v.* STATE.

Opinion delivered July 8, 1905.

CARRYING WEAPONS—INSTRUCTION—PREJUDICE.—One convicted of carrying a pistol cannot complain that the court erred in defining what constitutes a journey, within the statutory exception, if the undisputed testimony showed that he had returned from his journey, and stopped at the home of his mother-in-law, where he loitered an hour or more.

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

*H. A. & J. R. Parker,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

McCULLOCH, J.  This is an appeal from a judgment of conviction of carrying a pistol.  Appellant admitted carrying the pistol at the time and place named, but set up a defense that he was on a journey at the time.  He complains of the instructions given by the court defining what constitutes a journey, within the meaning of the exception in the statute.  The undisputed testimony establishes the fact that appellant was armed with a pistol at the home of his mother-in-law in the immediate neighborhood of his own home.  He was not then on a journey, if it be conceded that his peregrinations of the day constituted a journey, within the meaning of the statute.  He had returned from his alleged journey, and stopped at the home of his mother-in-law, where he loitered an hour or more, drunk and disorderly.  He cannot, under those circumstances, claim the benefit of the exception in the statute.  *Holland* v. *State,* 73 Ark. 425.  The essential facts constituting appellant's guilt of the offense charged being undisputed, no error in the instructions could have been prejudicial.  Judgment affirmed.

Hill, C. J., absent and not participating.